IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

LUQUILLO PLAZA CORP

CASE NO. 07-04440 BKT

Chapter 7

XXX-XX5746

FILED & ENTERED ON 12/08/2010

                    Debtor(s)

OPINION AND ORDER

At hearing held on September 22, 2010, this Honorable Court ordered parties to file motions on the legality of the Option to Purchase Agreement [hereinafter "Purchase Agreement] signed by Trustee and Mr. Pedro Umpierre Torregrosa [hereinafter "Buyer"]. The parties have complied and the matter is submitted. Buyer argues in his motion that the Purchase Agreement is null under Puerto Rico Law because it reserved Trustee's right to continue marketing the property to third parties, and to rescind the agreement should a better price be obtained for the same property. The trustee counters that the instant proceeding involves an agreement for the sale of estate's assets, thus it is a core proceeding governed by the Bankruptcy Code and under the authority of this Court. For the reasons stated below, this Court finds that the Purchase Agreement was a legally binding contract, in accordance with the Trustee's obligation under bankruptcy law, therefore the chapter 7 trustee's forfeiture of the $50,000.00 good faith deposit was proper.

## BACKGROUND

Debtor, Luquillo Plaza Corp., filed a Chapter 7 petition for relief on August 8, 2007. Schedule A filed with Debtor's petition listed real property as follows: "Property Lot #3, Carr. No. 3, Kilometer 15.2, Luquillo, PR" with a scheduled value of $750,000.00. Upon inquiry and investigation Trustee initiated proceedings to administer this asset of the bankruptcy estate, described at the Registry of Property as follows:

> "RUSTICA: Parcel of land located at Mata de Platano Ward within the municipality of Luquillo. It is bounded by the NORTH, with lot number 2 owned by the Puerto Rico Industrial Development Company; by the SOUTH, with lands owned by Sucesión Méndez Bás; by the EAST, with State Road #3; and by the WEST, with railroad owned by the Fajardo Development Railroad. It has an area of 4, 682.43 square meters, equivalent to one "cuerda" and one thousand nine hundred thirteen ten thousandths of another."

At the time of the filing, the deeds of purchase transferring property in favor of Debtor had been presented but not inscribed in the Registry of Property. Upon further investigation Trustee learned that the owner of the asset's adjacent lot was Mr. Pedro Umpierre Torregrosa. On December 4, 2007, four months after debtor's filing for relief, Trustee signed a Purchase Agreement with the owner of the lot immediately adjacent to the property, Buyer. Terms of the purchase agreement signed by the parties were the following:

a) The purchase price was $1,000,000.00. A good faith deposit of $50,000.00 was paid to the Trustee.

b) The sale of the property was subject to the filing of a notice of sale. The Trustee explicitly reserved his right to accept any better offer received on or before the date of closing, but subject to an auction between buyer and any additional interested parties.

c) The agreement explicitly states that the sale was subject to the Bankruptcy Court's entry of order directing the Registrar of Property to inscribe the

asset in favor of Debtor. Thus, it was agreed that the sale would take place within 60 days after the entry of the court order.

d) If Mr. Umpierre failed to purchase the property then the good faith deposit would be forfeited by the Trustee.

e) The sale was to be made without warranty of any kind. To be purchased "as is, where is."

With the exception that the sale would be conducted free and clear of liens, a reading of the contract shows that aside from the aforementioned, Buyer made no other reservations or conditions for the purchase of the property.

In compliance with the terms of the purchase agreement and his duties pursuant to 11 USC § 704, on December 18, 2007, Trustee filed adversary proceeding number 07-00343, seeking declaratory judgment directing the Registrar of Property to inscribe the asset in favor of Debtor. On July 31, 2008, judgment was entered declaring the property part of the bankruptcy estate and ordering its inscription at the Registry of Property, Carolina Part, in favor of Debtor. On April 16, 2008, Trustee filed applications for employment of notary and realtor, both granted by the Court. Pursuant to the terms of the purchase agreement, Buyer was to purchase the property on or before September 29, 2008 (60 days after entry of the judgment dated July 31, 2008). On August 27, 2008, Trustee filed "Notice of Intent to Sell Property at Private Sale" wherein the Trustee gave notice of his intention to sell the property to Buyer as per the terms of the purchase agreement. An amended notice of sale was filed on September 15, 2008, upon request of secured creditor, LPP Mortgage Ltd.

Upon this Court's entry of judgment on July 31, 2008, the Trustee and the professionals hired by the estate notified Buyer, that the terms of the Purchase Agreement had been met by the Trustee and that he was ready for closing. Instead of purchasing the property, Buyer, through Carlos E. Rodríguez Quesada Esq., sent a letter to the Trustee dated September 18, 2008,

requesting the return of the deposit based on the allegation that the property had a billboard which is leased by a third party. A meeting was held by the parties and their counsel on October 15, 2008, where the Trustee agreed to grant an extension for the purchase of the property until November 20, 2008. Despite multiple calls to Buyer and Mr. Rodriguez Quesada, no answer was received and the terms of the contract, along with the extension, expired without Buyer signing the deed of purchase.

DISCUSSION

Article 1042 of the Puerto Rico Civil Code, 31 L.P.R.A. § 2992 states that obligations are created by law, by contracts, and quasi contracts, and by illicit acts and omissions in which a kind of fault or negligence occurs. Obligations arising from law are not presumed, and the provisions of the laws, which may have established them, shall govern them. Article 1043 of the Civil Code, 31 L.P.R.A. § 2993. It is for this reason that Courts may not relieve a party of its obligations to do whatever it was agreed to do by contract, provided said contract is legal, valid and without defect. Cerveceria Corona v. Commonwealth Insurance Co.,115 D.P.R. 342 (1986).

In Irizarry Lopez v. Garcia Camara, 155 D.P.R. 713 (2001), the Supreme Court of Puerto Rico found that when interpreting a sales option contract it will hold to the literal meaning of its terms when these are clear and leave no doubts as to the intention of the parties. Article 1210 of the Civil Code establishes that "[c]ontracts are perfected by mere consent, and from that time are binding, not only in regard to the fulfillment of what has been expressly stipulated, but with regard to all consequences which according to their character, are in accordance with good faith, use, and law." 31 L.P.R.A. § 3375.

A contract is in existence between two parties when the following conditions are met (1) the consent of the contracting parties; (2) a definite object which may be the subject of the contract; and (3) the cause for the

obligation, which may be established. *See*, Article 1213 of the Civil Code, 31 L.P.R.A. § 3391.  Once the essential conditions required for their validity exist, contracts shall be binding between the parties. *See*, Article 1230, 31 L.P.R.A. § 3451. Parties are free to accord and contract all that they deem appropriate as long as it is not against the law, morals or public order. *Vélez López v. Izquierdo Stella*, 162 D.P.R. 88 (2004);Article 1207 of Puerto Rico Civil Code, 31 L.P.R.A. § 3372. Since the signing of a contract, parties are bound to comply with that which was expressly agreed. Article 1210 of the Civil Code, 31 L.P.R.A. § 3375.

Article 1044 of the Civil Code of Puerto Rico, 31 L.P.R.A. §2994 states that "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."  Article 1207 of the Civil Code, 31 L.P.R.A. §3372 provides that:

> "[T]he contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided that they are not in contravention of law, morals, or public order."

Once the essential conditions required for their validity exist, contracts shall be binding between the parties. *See*, Article 1230, 31 L.P.R.A. § 3451. The contractual provisions of the Purchase Agreement defined and controlled the legal relationship between the Chapter 7 trustee and Buyer.

The contract, which this Court finds was legally binding under state law, is also within the ambit of bankruptcy law.  Contracts for the sale of real property in bankruptcy are primarily governed by the Bankruptcy Code not by the Civil Code of Puerto Rico. In re Terrace Chalet Apartments, Ltd., 159 B.R. 821, (N.D. Ill. 1993); 11 U.S.C. § 363(b). A purchase-option agreement for the sale of estate property is a core proceeding governed by the Bankruptcy Code and Rules. Such a contract directly deals with the sale of estate's assets for distribution to creditors by a bankruptcy trustee. Pursuant to 28 U.S.C. § 157 (b)(1) and(2)(M) and (N) this Court has

jurisdiction over sales of property of the bankruptcy estate. 11 U.S.C. § 541(a) provides that the commencement of a case filed pursuant to Chapter 7 of the Bankruptcy Code creates an estate. The bankruptcy estate is administered by the Chapter 7 Trustee who is the representative of the estate and must "collect and reduce to money the property of the estate [...], and close the estate as expeditiously as is compatible with the best interest of parties." 11 U.S.C. §§ 323, 704. Buyer's arguments in his motion ignore that the applicable law governing the contract before this Court is the Bankruptcy Code and Rules. He completely overlooks the provisions governing the sale of assets of the bankruptcy estate and cites local state case law which is inapplicable because in those cases the local courts were not entertaining issues regarding the sale of assets under the administration of a Chapter 7 Trustee.  Section 363(b) of the Bankruptcy Code authorizes the Trustee to sell property of the bankruptcy estate. In re WHET, Inc., 12 B.R. 743 (Bkrtcy.Mass. 1981). Bankruptcy courts have found that in complying with his duties to maximize the return of assets of the estate, the Trustee may place conditions on the sale of estate assets. In re Spenlinhauer, 231 B.R. 429 (D.Me.1999); Joseph DeMarco, Inc. V. Campo, 163 B.R. 49 (S.D.N.Y. 1994); 11 U.S.C. § 363(e). This is necessary in order for the Trustee to comply with his obligation to maximize revenues for the bankruptcy estate. In re S.N.A. Nut Co.,186 B.R. 98 (Bkrtcy. N.D.Ill. 1995). Buyer fails to acknowledge that he was purchasing property of the bankruptcy estate subject to the administration of the Trustee and the provisions of the Code.  Pursuant to 11 U.S.C. § 704 the Trustee has an obligation to maximize the return on the sale of the real property and thus accept a better offer and hold a public auction if necessary. The finality of sales of the assets of the estate is determined, not under state law, but under federal bankruptcy law. Joseph DeMarco, Inc. V.Campo, 163 B.R. 49 (S.D.N.Y. 1994); In re Allison Warehouse & Transfer, Inc., 145 B.R. 293 (Bkrtcy.E.D.Ark. 1992). It is important to note that in this case an auction

was not necessary because no better offer was received.

The Buyer argues that the Purchase Agreement is null because it incorporates an auction clause recognizing Trustee's obligation. On the contrary, such a clause needs to be incorporated in order to comply with the Bankruptcy Code and assure a good faith negotiation where a purchaser is aware of the requirements of the Code, before he signs the agreement.  To accept Buyer's argument that such a clause makes a purchase option agreement null would mean that the Trustee would be stripped of any authority to sell assets of the estate while, at the same time, complying with his duty to maximize distribution to creditors. The sale of the assets of the estate goes hand-in-hand with distribution to creditors.

CONCLUSION

The motion to set aside the notice of sale and return of the deposit filed by Buyer on December 4, 2008 [Dkt. No. 61] is hereby DENIED. The Court rules that the Chapter 7 trustee acted in accordance with state and federal law.  The request for imposition of monetary sanctions and attorney's fees filed by the Chapter 7 trustee on December 26, 2008 [Dkt. No. 64] is hereby DENIED. Each party is to assume their legal costs and fees.

IT IS SO ORDERED.

San Juan, this 08 day of December, 2010.

Brian K. Tester
U.S. Bankruptcy Judge

CC:    DEBTOR(S)
       ROBERT  MILLAN
       WILFREDO  SEGARRA MIRANDA